**In the Matter of David Paul CHINN.**

**No. 98S00–0210–DI–509.**

Supreme Court of Indiana.

Jan. 9, 2003.

### *ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on October 7, 2002, advising that the respondent, David Paul Chinn, was disciplined by the Supreme Court of Kentucky and requesting, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On November 1, 2002, this Court issued an

*Order to Show Cause,* to which the respondent has not responded. This case is now before us for final resolution.

We now find that the respondent was admitted to practice law in Indiana in 1985 and Kentucky in 1983. The respondent faced three allegations of misconduct in the State of Kentucky. On September 26, 2002, the Supreme Court of Kentucky issued its *Opinion and Order* finding the respondent guilty of misconduct as charged and suspending him from the practice of law in the Commonwealth of Kentucky for a period of two (2) years. Additionally, the respondent was directed to refund $2,087.50 to Pam Johnsen, DVM and to pay the costs the disciplinary proceedings. *Kentucky Bar Association v. David Paul Chinn,* 2002–SC–505–KB.

We find further that, pursuant to Admis.Disc.R. 23(28)(c),[1] the respondent has failed to demonstrate why reciprocal discipline should not issue in this state.

IT IS, THEREFORE, ORDERED that the respondent, David Paul Chinn, is hereby suspended from the practice of law in this state. The respondent shall be eligible to petition for reinstatement pursuant to Admis.Disc.R. 23(4) upon reinstatement to the practice of law in Kentucky and satisfaction of Indiana Continuing Legal Education requirements or upon further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Kentucky, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.

---

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

(c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

  (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

  (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

  (3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

  (4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.